# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | |
|---|---|
| United States of America<br>v.<br><br>_____<br>*Defendant* | )<br>)<br>) Case No.<br>)<br>) |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of   ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release

from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in Distribute and Possess with Intent to Distribute Methamphetamnine

☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

☐ (2)     The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

(1)     There is a serious risk that the defendant will not appear.

☐ (2)     There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is charged in Count One of the Indictment with a violation of 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine); the maximum term of imprisonment for such offense is not less than ten (10) years and not more than life, a fine not to exceed $10 million, or both with supervised release of at least five (5) years.

The Government has sought to detain under 18 U.S.C. § 3142(f)(1) and (2). Both parties concurred the presumption is applicable to this case. The Court has considered the nature of the offense, as well as the testimony presented at the detention hearing (including the testimony of Task Force Officer Wes Menser and John Rollins, fiancé of Defendant), and the Pretrial Services Report in light of all of the factors listed in 18 U.S.C. § 3142(g) - including the nature and circumstances of the offense charged, the apparent weight of the evidence against Defendant, and Defendant's history and characteristics.

According to the testimony presented, Defendant Tonya Hamilton is alleged to be a habitual, active user of methamphetamine and acts as a "facilitator" in the distribution of methamphetamine. Officer Mesner testified that Defendant Hamilton participated in controlled purchases made with co-defendant Lindsay George in this case. Officer Mesner further testified that during a post Miranda statement to the Collin County Sheriff's Office, Defendant Hamilton admitted to having purchased over 22 ounces of methamphetamine from co-defendant George over the course of a year and that Defendant Hamilton admitted to previously residing with George and that she purchased and used methamphetamine with George. Co-defendant George was selling methamphetamine from her home during the time that Defendant Hamilton resided with her. Officer Mesner offered further testimony regarding an intercepted phone call at the Collin County Jail in which Defendant Hamilton, while talking with fiancé John Rollins, alluded to the fact that methamphetamine was at her current residence by saying she was "glad they picked her up where they did and not at the house." The Pretrial Services Report indicates that at the time of her arrest Defendant Hamilton was living with Rollins in a house owned by her brother, Ricky Obier located in Princeton, Texas. Agent Mesner testified that Defendant's brother, Obier, is a convicted felon with charges for methamphetamine. Rollins testified that he had used methamphetamine with Defendant Hamilton in the home to which she is requested to be released and that Rollins, who is proffered as a third party custodian, had witnessed and participated in Defendant Hamilton's drug use. Defendant Hamilton admits to consistently and currently abusing methamphetamine. Moreover,

she has an extensive criminal history, and numerous instances of failing to appear. Defendant also has no stable employment.

Having considered all of the foregoing, based upon the nature of the offense, evidence presented, including the Pretrial Services Report, the witnesses' testimony and the rebuttal presumption, the Court concludes that Defendant Hamilton has not rebutted the presumption that she is a flight risk and a danger to the community, and finds that Mr. Rollins is not a suitable third party custodian and that there is no condition or combination of conditions on which Defendant Hamilton could be released which would reasonably assure that Defendant Hamilton would not pose a danger to the community and/or that would reasonably assure her appearance at trial. Defendant is ordered detained pending trial.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

**SIGNED this 2nd day of March, 2016.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE